IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Criminal No. 15-1516-1-WJ

JUAN CARLOS VARELA-MALDONADO,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE,
DISMISSING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION, and
DISMISSING DEFENDANT'S HABEAS PETITIONS UNDER §§ 2241 AND 2255**

**THIS MATTER** comes before the Court upon Defendant Juan Carlos Varela-Maldonado's *pro se*[1] Motion for Compassionate Release (**Doc. 137**). The Court, having reviewed the motion and applicable law, concludes the circumstances presented by Mr. Varela-Maldonado do not rise to the "extraordinary and compelling" level required by statute. Accordingly, his request for a compassionate release is **DENIED**.

Additionally, the other requested bases for relief contained in Mr. Varela-Maldonado's motion are **DISMISSED without prejudice**, or alternatively **DENIED**, as explained below.

**BACKGROUND**

On December 2, 2015, Mr. Varela-Maldonado was charged by Superseding Indictment with conspiracy, distribution of 50 grams and more of methamphetamine, aiding and abetting, possession with intent to distribute 50 grams and more of methamphetamine, and being a prohibited person in possession of a firearm in violation of 21 U.S.C. §§ 846, 841(a)(1),

---

[1] *Pro se* prisoner pleadings are construed liberally and held to less stringent standards. *See Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990).

1

841(b)(1)(A) and 18 U.S.C. §§ 2, 922(g)(1), 922(g)(3), and 924(a)(2). *See* **Doc. 43 at 1–3**. Later, on September 29, 2016, Defendant pleaded guilty[2] (**Docs. 88, 89, 117, 122**).

Prior to sentencing, Probation issued a Presentence Investigation Report ("PSR") which calculated Mr. Varela-Maldonado's advisory Guideline imprisonment range to be 168–210 months (**Doc. 93 at ¶ 72**). It also noted the statutory mandatory minimums. *Id.* **at ¶ 71**. Three of the Counts carried a "minimum term of imprisonment of 10 years." *Id.* Thus, based on the offenses and his unconditional plea, Mr. Varela-Maldonado was subject to a mandatory minimum of 10 years' imprisonment. *Id.*

Ultimately, the Court sentenced Mr. Varela-Maldonado to a below-Guidelines sentence of 150 months incarceration (**Doc. 117**). And because he is an illegal alien, **Doc. 93 at 3**, the Court also recommended that "Immigration and Customs Enforcement begin removal proceedings during service of sentence." *Id.* **at 3**.

Shortly after the entry of Judgment, Mr. Varela-Maldonado then appealed his case to the Tenth Circuit, **Doc. 118**, which affirmed (**Doc. 130-1**); *United States v. Varela-Maldonado*, 749 F. App'x 753 (10th Cir. 2019) (unpublished). The Tenth Circuit noted there is "nothing which would call into question the validity of Defendant's plea of guilty, the correctness of the district court's sentencing determinations, or the reasonableness of the below-guidelines sentence imposed by the district court." *Id.* at 754. Mr. Valera-Maldonado did not seek certiorari after the Tenth Circuit's mandate (and Order and Judgment) was issued on February 19, 2019. Accordingly, his judgment of conviction became final on May 19, 2019.

---

[2] Mr. Varela-Maldonado pleaded guilty "straight-up"—meaning without a plea agreement (**Doc. 122 at 2 & 6**). The exchange between the Court and Defendant at the plea colloquy went as follows:
"**THE COURT**: How do you plead to Counts One, Two, Three, and Four in the superseding Indictment; do you plead guilty or not guilty?
**DEFENDANT VARELA-MALDONADO**: Guilty."

Currently, Mr. Varela-Maldonado in custody at FCI Herlong in California. He is scheduled to be released in February 2026. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc (click "Find By Name" tab; then search for "Juan Carlos Varela-Maldonado") (last visited May 16, 2024). To date, he has served approximately 80% of his sentence.

Fast forward to February of this year: and Mr. Varela-Maldonado filed a *pro se* motion for a sentence reduction under Amendment 821 (**Doc. 132**). In March, the Court dismissed his request after finding he was ineligible for the retroactive relief (**Doc. 135**).

Now, Mr. Varela-Maldonado seeks a compassionate release[3] because of his "unusually long sentence." **Doc. 137 at 1**. For the reasons below, the Court denies his motion.

## LEGAL STANDARD FOR COMPASSIONATE RELEASE

Generally, a court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819–24 (2010). Compassionate release is a statutorily authorized exception to this rule—allowing a court to reduce a sentence when "extraordinary and compelling reasons" exist. 18 U.S.C. § 3582(c).

A prisoner seeking compassionate release may file a motion for relief "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Once administrative remedies

---

[3] Here, the motion is titled as requesting "compassionate release," **Doc. 137 at 1**, but Mr. Varela-Maldonado pleads more than that. The motion also serves as: (1) an Amendment 821 sentence reduction request, (2) a collateral attack under § 2255, and (3) an attack on the execution of his sentence under § 2241. Accordingly, this Court follows the procedures outlined in *United States v. Wesley*, 60 F.4th 1277, 1288–89 (10th Cir. 2023). The *Wesley* Court explained a district court, upon receipt of a compassionate release motion that includes a claim governed by § 2255, should "treat the part governed by § 2255 as if explicitly brought under § 2255." *Id.* at 1288. The Court abides.

3

are exhausted, § 3582(c)(1)(A) permits a court to modify a term of imprisonment (after consideration of the § 3553(a) sentencing factors).

Relevant here, the Sentencing Commission's policy statement explains a term of imprisonment may be reduced if: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is consistent with this policy statement. *See United States v. Wilson*, 2021 U.S. App. LEXIS 31378, at *4 (10th Cir. Oct. 19, 2021) (unpublished); *see also* U.S.S.G. § 1B1.13. The extraordinary and compelling standard imposes "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020); *see also United States v. Bright*, No. 14-10098, 2020 U.S. Dist. LEXIS 14883, at *3 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a "heavy burden on a defendant seeking relief").

The Tenth Circuit has explained § 3582(c)(1)(A)(i) creates a "three-step test" for evaluating compassionate release. *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). A district court may grant a motion for compassionate release if: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the § 3553(a) factors, to the extent they are applicable.

Conversely, a district court may deny a motion compassionate release based on a lack of any of the three prerequisites listed without needing to address the others. *See United States v. Hald*, 8 F.4th 932, 936 (10th Cir. 2021); *see also McGee*, 992 F.3d at 1043; *Maumau*, 993 F.3d at 831 n.4. Plainly, "one good reason for denying a compassionate-release motion suffices." *United States v. Sarno*, 37 F.4th 1249, 1256 (7th Cir. 2022) (citation omitted).

4

# DISCUSSION

## I. Mr. Varela-Maldonado's Request for a Compassionate Release

### A. Exhaustion of administrative remedies

Here, the record shows that Varela-Maldonado submitted a request to the Warden on March 2, 2024. **Doc. 137 at 2–3, 8, 26**. Clearly more than thirty days have elapsed between this request for a compassionate release and his filing of the instant motion in May. Given the proof of exhaustion, the Court now moves onto the merits of Mr. Varela-Maldonado's motion.

### B. Absence of "extraordinary and compelling" reasons

Mr. Varela-Maldonado contends that: (1) he is a first-time offender, (2) he was subjected to "a four-point enhancement"[4] as a "trial penalty," and (3) his sentence is "disproportionately severe." **Doc. 137 at 3, 5, 6**. None of these are true, however. So, necessarily, none of these reasons are extraordinary and compelling.

---

[4] The Court also construes this PSR issue as a § 2255 habeas petition. *See United States v. Gattas*, 862 F.2d 1432 (10th Cir. 1988) (finding that "alleged errors" in the PSR can be brought under § 2255); *United States v. Brumley*, 753 F. App'x 594 (10th Cir. 2018) (unpublished). But this can be disposed of quickly—as here, there was no "enhanced sentence" based upon "a trial penalty." **Doc. 137 at 5–6**. Thus, no evidentiary hearing is required because the record conclusively shows a prisoner is entitled to no relief. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988); 28 U.S.C. § 2255(b). Moreover, it is undisputed that Mr. Varela-Maldonado waived his right to complain of this PSR "error" when he failed to object to the PSR on the same grounds (**Docs. 111 & 112**). To be sure, defense counsel objected to the two two-point enhancements—equaling four points—but no argument was made regarding some amorphous four-point trial penalty (again, because none exists). *See also* **Doc. 121 (Sent. Tr.) at 95:16–17** ("I don't want a trial, because I know I'm guilty.").
    Additionally, this § 2255 petition premised upon the PSR error is untimely. Under the one-year statute of limitations, habeas petitions are time-barred "one year from the date on which the judgment of their conviction became final." *United States v. Burch*, 202 F.3d 1274, 1275 (10th Cir. 2000). Here, the Tenth Circuit mandate was issued on February 19, 2019 (**Doc. 130**). Because Mr. Varela-Maldonado did not seek certiorari from the Supreme Court, that means the judgment of conviction became final on "the date on which [his] time for filing a timely petition for certiorari review expire[d]." *Burch*, 202 F.3d at 1276. Here, that would be ninety days after February 19th—that is: May 19, 2019. *See* 28 U.S.C. § 2101(c); *see also* U.S. Sup. Ct. R. 13. Thus, his one-year period under § 2255 ran in May 2020. It is now May of 2024—so his filing is nearly four years late.
    Here, it "plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," therefore the Court "must dismiss" the motion. *See* Habeas Corpus Rule 4(b). There can be no debate among reasonable jurists as to the Court's conclusions that (1) Petitioner's § 2255 motion is untimely, and (2) he waived his right to collaterally attack his PSR by failing to object.
    In sum, Mr. Varela-Maldonado's collateral attack on his PSR must be **DISMISSED without prejudice** and a certificate of appealability will be **DENIED** under Habeas Corpus Rule 11—as this Memorandum Opinion and Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In 2012, Mr. Varela-Maldonado was convicted of reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a), (b). *See* **Doc. 16** (D.N.M. Docket No. 12-cr-2621). This conviction appeared in his PSR for this criminal case (**Doc. 93 at 10–11**).

Next, there was no "four-point enhancement." His offense level was adjusted upward two points for possessing weapons and another two points for being an organizer or leader (**Doc. 93 at ¶¶ 32 & 34**). *See* USSG §§ 2D1.1(b)(1), 3B1.1(c). At the same time, his offense level was reduced three points for acceptance of responsibility (because of his plea). *Id.* **at ¶¶ 38 & 39**. Also, Mr. Varela-Maldonado pleaded guilty. So, there was no trial. This argument is patently incorrect.

Third, and finally, the sentence is not disproportionally severe. On this point, there are two key takeaways. First, there was a statutory minimum of ten years' imprisonment. And second, the Court imposed a below-Guidelines sentence. A sentence within statutory limits is rarely, if ever, disproportionately severe. *See Harmelin v. Michigan*, 501 U.S. 957, 954–55 (1991); *Ewing v. California*, 538 U.S. 11, 21 (2003). The statutory sentencing range here was ten years to life (**Doc. 93 at ¶ 71**). Of course, district courts generally "lack discretion to depart below applicable statutory mandatory minimum sentences." *United States v. Cornelius*, 696 F.3d 1307, 1327 (10th Cir. 2012). Thus, the below-Guideline sentence imposed here is not "disproportionately severe." *See United States v. Newsome*, 898 F.2d 119, 122 (10th Cir. 1990); *United States v. Gurule*, 461 F.3d 1238, 1247 (10th Cir. 2006); *accord United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (noting a sentence "below the bottom of the applicable Guidelines range" cannot be "shockingly high").

Although not explicitly listed as an extraordinary and compelling reason, Mr. Varela-Maldonado explains his pending deportation supports a compassionate release (**Doc. 137 at 15–16**). In this Court's view, prospective deportation is not a factor in favor of or against release.

*See United States v. Garcia-Rodriguez*, 2022 U.S. App. LEXIS 34382, at *6 (10th Cir. Dec. 13, 2022) (unpublished) (affirming district court's denial of compassionate release wherein prisoner argued deportation[5] was an "extraordinary and compelling" reason for release).

Likewise, the Court commends Mr. Varela-Maldonado for his rehabilitation efforts (**Doc. 137 at 6, 13, 19–21**), but the "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *McGee*, 992 F.3d at 1043 (cleaned up); 28 U.S.C. § 994(t). Plus, there is no proof[6] that Defendant has been extraordinarily rehabilitated as proffered (**Doc. 137 at 26**). And, candidly, rehabilitation is expected, not extraordinary.

Also, the Court would be remiss if it did not address Mr. Valera-Maldonado's "post-release plan." *United States v. Robinson*, 2023 U.S. App. LEXIS 22921, at *7 (10th Cir. Aug. 30, 2023) (unpublished). Here, these plans[7] include: a return to his birth country, plans to become a teacher, continue his education, and integrate in his community (**Doc. 137 at 21–22**). Even considering his rehabilitation and post-release plans together, the Court does not find these to be sufficiently "extraordinary and compelling."

Finally, to the extent Defendant's *pro se* motion requests supervised release (**Doc. 137 at 20**), the Court cannot order such placement.[8]

---

[5] *See, e.g., United States v. Salas*, 2023 U.S. App. LEXIS 14445, at *4 (4th Cir. June 9, 2023) (per curiam) (unpublished) (affirming denial of compassionate release where prisoner claimed deportation was an extraordinary and compelling reason); *United States v. Gonzalez-Longoria*, 2023 U.S. App. LEXIS 6597, at *1 (5th Cir. Mar. 17, 2023) (per curiam) (unpublished) (same); *United States v. Godinez*, 2023 U.S. App. LEXIS 17012, at *3 (7th Cir. July 6, 2023) (unpublished) (same); *United States v. Howard*, 2022 U.S. App. LEXIS 27553, at *4 (11th Cir. Oct. 3, 2022) (per curiam) (unpublished) (same).

[6] Although a court liberally construes *pro se* filings, it cannot act as his advocate. *See United States v. Griffin*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

[7] The Court assumes these plans apply to Mr. Varela-Maldonado even though the pleading states that these plans will benefit "Vazquez-Villa." Of note, this "Release and Reintegration Plan" for Mr. Varela-Maldonado is nearly identical to that of Mr. Pascual Vazquez-Villa. *See* **Doc. 177 at 24** (D. Kan. Docket No. 09-cr-40061, filed May 13, 2024).

[8] Defendant requests "supervised release or community-based programs" as a new sentence. This request is outside the jurisdiction of the Court—instead, this discretionary placement rests solely within the purview of BOP and is not justiciable. *See* 18 U.S.C. § 3621(b). Per BOP policy, however, Mr. Varela-Maldonado's status as an illegal alien makes him ineligible for home confinement. *See* 18 U.S.C. §§ 3621 and 3632.

Accordingly, the Court denies Mr. Varela-Maldonado's request for a compassionate release based upon a lack of "extraordinary and compelling reasons"—and "need to address the other [prerequisites]." *McGee*, 992 F.3d at 1043.

## II. Part of the Motion Should Be Construed as a § 2255 Habeas Petition

"It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). Here, at least in part, Mr. Varela-Maldonado's "compassionate release" motion focuses on the effect that *Apprendi, Booker*, and *Alleyne* would allegedly have if he were sentenced today (**Doc. 137 at 12–13**). *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Booker*, 543 U.S. 220 (2005); *Alleyne v. United States*, 570 U.S. 99 (2013). He asks the Court to "reevaluat[e] his sentence in consideration of evolving legal norms and principles of fairness and equity." **Doc. 137 at 11**. Mr. Varela-Maldonado states that his "rehabilitation efforts, the substantial time already served, and the significant legal errors identified in his sentencing process" provide a basis for granting his compassionate release. *Id.* at 14. Obviously, these collateral attacks on sentencing implicate a habeas petition and are not a reason for compassionate release.

In § 2255 proceedings, a district court has two options: it can "summarily dismiss the defendant's motion or order a response." *United States v. Lopez-Aguilar*, 912 F.3d 1327, 1329 (10th Cir. 2019). Here, the Court chooses the former—in conformity with Habeas Corpus Rule 4(b).

For starters, Mr. Varela-Maldonado's motion is untimely. *See Burch*, 202 F.3d at 1279; 28 U.S.C. § 2255(f); *see also supra* n.3. His time for seeking certiorari expired on May 19, 2019—90 days after the entry of the Tenth Circuit's February 19, 2019, mandate. Therefore, Mr. Varela-Maldonado's one year statute of limitations to file his § 2255 motion ran in May 2020.

Quite obviously, this petition is four years too late. Therefore, the Court considers whether one of the § 2255(f) provisions apply. Petitioner appears to assert his motion is timely under § 2255(f)(3) and (h)(2)—asserting several Supreme Court cases are allegedly retroactively applicable to cases on collateral review. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013). But, as explained below, Mr. Varela-Maldonado is incorrect.

Moreover, none of the cited cases apply retroactively. *See United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding *Booker* is not to be applied retroactively); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding the same for *Apprendi*); *United States v. Hoon*, 762 F.3d 1172, 1173–74 (10th Cir. 2014) (holding *Alleyne* is not retroactive); *see also United States v. Herrera*, 216 F. App'x 809, 810 (10th Cir. 2007) (unpublished) (noting that *Booker* and *Apprendi* are not retroactive). Based on this precedent, the Court finds that *Apprendi, Booker*, and *Alleyne* have not been made retroactively applicable to cases on collateral review. This means Mr. Varela-Maldonado is not entitled[9] to relief for his motion under §2255(f)(3).

Here, Petitioner's collateral attacks are time-barred and must be dismissed. Because the correctness of the Court's determination cannot be debated by reasonable jurists, a certificate of appealability will be denied. *See United States v. Chatwin*, 60 F.4th 604, 609 (10th Cir. 2023) (citing *Slack*, 529 U.S. at 484).

**III. Mr. Valera-Maldonado's § 2241 Petition Does Not Warrant Transfer**

Petitioner also complains about his time credits (**Doc. 137 at 17**). This filing is, therefore, also construed as a petition under 28 U.S.C. § 2241 since Mr. Varela-Maldonado is challenging the

---

[9] The Court also considered the application—or lack thereof—of equitable tolling. But Petitioner failed to provide the Court with any basis to apply this untimeliness was "caused by extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (citation omitted).

execution of his sentence. *See Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016); *United States v. Miller*, 594 F.3d 1240, 1241–42 (10th Cir. 2010).

But, as mentioned above, the prisoner is located outside of the district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[J]urisdiction lies in only one district: the district of confinement."); *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (explaining claims that "attack the execution of a sentence . . . must be filed in the district where the prisoner is confined"). The return address on the envelope containing Mr. Varela-Maldonado's pleading (**Doc. 137 at 27**) clearly indicates that he is housed at FCI Herlong, California (located within the U.S. District Court for the Eastern District of California). This is also confirmed by the BOP's inmate locator. Thus, Mr. Valera-Maldonado's petition for a Writ of Habeas Corpus under § 2241 should be dismissed without prejudice for a lack of jurisdiction.

That being said, the Court could transfer the case to the appropriate jurisdiction to cure this defect. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). But transfer is inappropriate when, as here, the claims are without merit or time barred. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Because the First Step Act clearly deems "deportable prisoners" are ineligible for time credits, transfer to the Eastern District of California is not warranted. 18 U.S.C. § 3632(d)(4)(E)(i); *see also Sayasane v. Warden, FCI-Mendota*, No. 23-cv-1517, 2024 U.S. Dist. LEXIS 84601, at *7 (E.D. Cal. May 9, 2024) (noting "the First Step Acts bars the application of time credits" for certain prisoners pending removal). Plus, the factual predicate of his "time credit" claim could have been discovered any time over the last six years since sentencing through the exercise of due diligence.

Here, Mr. Valera-Maldonado could have discovered this "time credit" issue as soon as he was sentenced, and the Judgment was entered (**Doc. 117**). This would be May of 2018. However, even if the Court gives Mr. Valera-Maldonado the benefit of the doubt and adheres to the § 2255

timeline, *see supra* ¶ II., Petitioner is too late. Therefore, Mr. Varela-Maldonado's one year statute of limitations to file his § 2241 motion ran in May 2020 and this petition is time barred. As Mr. Valera-Maldonado phrased it, this motion "is not resolvable under a 28 U.S.C 2241 as it is deemed futile." **Doc. 137 at 16**. On this, the Court agrees.

### IV. Mr. Varela-Maldonado is Still Ineligible for a Sentence Reduction

Lastly, the Court also considered Mr. Varela-Maldonado's request (**Doc. 137 at 8–10**) but, ultimately, is prohibited from modifying a sentence without specific statutory authorization. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). As previously stated:

> The Court's conclusion that Mr. Varela-Maldonado is ineligible for a sentence reduction under Section 3582(c) is therefore fatal to the Court's subject matter jurisdiction. *United States v. Rodriguez-Dimas*, 651 F. App'x 819, 821 (10th Cir. 2016) (unpublished). Put simply, Defendant's motion must be dismissed. *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

**Doc. 135 at 4**. Thus, the Court's previous ruling (**Doc. 135**) holds true. Nothing has changed here, as: (1) Mr. Varela-Maldonado is still ineligible for a reduced sentence based on a retroactive Guideline amendment, and (2) the Court still lacks jurisdiction.

### CONCLUSION

After conducting an individualized evaluation of the § 3553(a) factors, the Sentencing Commission's policy statements, and the applicable case law, the Court finds Mr. Varela-Maldonado did not demonstrate an extraordinary and compelling reason justifying relief under 18 U.S.C. § 3582(c)(1)(A).

Additionally, the Court does not find any reason to excuse Mr. Varela-Maldonado's failure to timely filed his § 2255 motion. The files and records in this case conclusively show he is not entitled to relief—so no evidentiary hearing is required. His § 2241 claim is also time-barred.

Finally, the Court notes that Mr. Varela-Maldonado has filed several baseless post-judgment motions as of late. If petitioner continues to engage in frivolous litigation, then the Court may consider imposing filing restrictions as a sanction.

**IT IS HEREBY ORDERED** that:

(1) Mr. Varela-Maldonado's Motion for Compassionate Release (**Doc. 137**) is **DENIED**.

(2) To the extent Mr. Varela-Maldonado's motion requests a sentence reduction under Amendment 821, that request is—once again—**DISMISSED without prejudice** for lack of subject matter jurisdiction.

(3) To the extent Mr. Varela-Maldonado's motion can be construed as raising a habeas claim under § 2255, that motion is **DISMISSED with prejudice** as untimely, and a certificate of appealability as to the ruling on the § 2255 motion is **DENIED**.

(4) To the extent Mr. Varela-Maldonado's motion can be construed as raising a habeas claim under § 2241, that motion is **DISMISSED without prejudice** for lack of jurisdiction. The Court will not transfer the § 2241 Petition to the U.S. District Court for the Eastern District of California because the claim is time barred. A certificate of appealability as to this ruling is **DENIED**.

(5) Finally, the Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of the sentence. *See* **Doc. 117 at 3**.

**IT IS SO ORDERED**.

/s/
_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE