**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. Criminal No. 15-1516-1-WJ

JUAN VARELA-MALDONADO,

Defendant.

**MEMORANDUM OPINION AND ORDER DISMISSING *PRO SE* MOTION FOR SENTENCE REDUCTION**

**THIS MATTER** comes before the Court upon Defendant Varela-Maldonado's *pro se*[1] "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2); Part B (Zero Points Offender)," filed October 16, 2024 (**Doc. 140**).[2] After reviewing the filing and applicable law, the Court concludes it lacks jurisdiction to modify Varela-Maldonado's sentence—meaning his request for a sentence reduction must be **DISMISSED without prejudice**.

**BACKGROUND**

Back in September 2016, Varela-Maldonado pleaded guilty to Counts 1–4 of the Superseding Indictment (**Docs. 88, 89, 116, 117, 122**). The charges were: (1) conspiracy, in violation of 21 U.S.C. § 846; (2) distribution of 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; (3) possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

[1] The Court construes *pro se* pleadings "liberally." At the same time though, the Court does not act as Varela-Maldonando's advocate. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

[2] Technically, **Doc. 140** is docketed as an "Amended Motion," because a previous Amendment 821 Motion was filed on October 15, 2024 (**Doc. 139**). The Court reviewed both Motions and they appear to be the same—word-for-word. Both contain the same three sections; both are four pages in length; and both were dated October 9, 2024, in the certificate of service.

841(b)(1)(A); and (4) being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). *See* **Doc. 43**.

Prior to sentencing, Probation issued a Presentence Investigation Report ("PSR"). Varela-Maldonado's base offense level was 34 (**Doc. 93 at ¶ 31**). He then received enhancements for possessing a firearm and being a leader. ***Id.* at ¶¶ 32 & 34** (citing USSG §§ 2D1.1(b)(1) and 3B1.1(c)). This brought his adjusted offense level to 38—which was then reduced by three points for acceptance of responsibility. ***Id.* at ¶¶ 38 & 39**. His total offense level was 35. ***Id.* at ¶ 40**.

Varela-Maldonado received one criminal history point for a prior conviction—placing him in criminal history category I. *See* **Doc. 93 at ¶¶ 43–45** (citing his conviction out of the District of New Mexico in case number 12-cr-2621).

Based on his offense level and criminal history, the PSR calculated Varela-Maldonado's advisory Guideline imprisonment range at 168–210 months (**Doc. 93 at ¶ 72**). *See* **Doc. 121 (Sent'g Tr.) at 116:8–15** ("His offense level is 35, his Criminal History Category is 1.").[3] On May 16, 2018, this Court sentenced Varela-Maldonado to 150 months' imprisonment (**Doc. 117**).

## DISCUSSION

### I. Law Governing Sentence Reductions

Absent specific statutory authorization, this Court cannot modify a sentence after the judgment of conviction is entered. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022) (noting "retroactive Guideline amendments" are a valid statutory reason to modify a sentence); *see also* 18 U.S.C. § 3582(c)(2).

[3] Although a trivial point, the Court notes that Varela-Maldonado claims his offense level was 34 (**Doc. 140 at 1 & 3**). The Court assumes this number is derived from his base offense level—which was 34 (prior to enhancements and reductions for acceptance). *See* **Doc. 93 at ¶¶ 31–40**. Nevertheless, his total offense level was calculated as 35 (after +4 points for enhancements and -3 points for acceptance). ***Ibid.***

Amendment 821 is retroactive. *See* U.S. SENT'G GUIDELINES MANUAL AMEND. 821 (U.S. Sent'g Comm'n 2023); 88 Fed. Reg. 28254 (May 3, 2023). Relevant here are the changes in criminal history calculations under Amendment 821. In Part A, the Commission altered the "status points" provision. *See* USSG § 4A1.1(e). Part B provides a two-offense-level reduction for offenders who present with zero criminal history points ***if*** the offender satisfies ten prerequisites for eligibility. *See* USSG § 4C1.1(a)(1)–(10).

Varela-Maldonado's motion alleges he was a zero-point offender (**Doc. 140**). He argues that: (1) he "has zero criminal history points," (2) the case "does NOT involve any of the excludable criteria for preclusion from reduction of sentence," and (3) he did "NOT demonstrate any aggravating factors." ***Id.* at 3** (capitalization in original). But, as explained below, these assertions are incorrect in fact and in law.

**II. Varela-Maldonado is Ineligible for a Sentence Reduction**

Before granting a sentence reduction, the Court must determine a defendant's eligibility. *See United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021); *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013); *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010). There is no doubt that Amendment 821 changed criminal history calculations. Many individuals are, in fact, eligible for relief under USSG §§ 4A1.1(e) and 4C1.1(a). But Varela-Maldonado is ineligible for three reasons.

First, Varela-Maldonado's motion requests relief for being a zero-point offender—but he had one criminal history point (**Doc. 93 at ¶¶ 43–45**). This means he is not a zero-point offender, making him ineligible under USSG § 4C1.1(a)(1).

Second, even if he was a zero-point offender (which he isn't), Varela-Maldonado is ineligible under USSG § 4C1.1(a)(7)—as he possessed a firearm and ammunition in connection

with the offenses of conviction. This is correctly represented in the PSR by way of the enhancement under USSG § 2D1.1(b)(1). *See* **Doc. 93 at ¶ 32**; *compare* **Doc. 111** (arguing the firearm enhancement should not apply), *with* **Doc. 115** (arguing the firearm enhancement was properly applied), *and* **Sent'g Tr. at 89:17–90:6** (overruling defense's objection to the firearm enhancement).

Finally, he also received an aggravating role enhancement under USSG § 3B1.1(c). *See* **Doc. 93 at ¶ 34**. This makes him ineligible under USSG § 4C1.1(a)(10).

* * *

Because Varela-Maldonado's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2). That means this Court lacks jurisdiction and must dismiss his motion. *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (unpublished) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by [statute])).

Finally, since the Court lacks jurisdiction to adjudicate this motion, there is no need to discuss the § 3553(a) factors.

## CONCLUSION

In sum, Varela-Maldonado is not a zero-point offender. And he is ineligible for relief because he does not meet "all of the following criteria," as required by USSG §§ 4C1.1(a)(1)–

(10). Accordingly, his *pro se* Motion (**Doc. 140**) for a sentence reduction is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The sentence imposed (**Doc. 117**) on May 16, 2018, remains in effect. And, once again, the Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of the sentence.

**IT IS SO ORDERED.**

**/s/**________________________________
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE